NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-3695
_____

UNITED STATES OF AMERICA

v.

TORREY THOMPSON,

Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-01-cr-00426-001)
District Judge:  Honorable John R. Padova
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 8, 2013

Before:  RENDELL, FISHER and JORDAN, *Circuit Judges*.

(Filed:  January 17, 2013)
_____

OPINION OF THE COURT
_____

FISHER, *Circuit Judge*.

Torrey Thompson appeals from the District Court's sentence of 60 months' imprisonment following violations of Thompson's supervised release conditions.  We will affirm.

I.

Because we write principally for the parties, who are familiar with the factual context and legal history of this case, we will set forth only those facts that are necessary to our analysis.

In June 2002, after pleading guilty to federal charges of armed bank robbery, conspiracy to commit armed bank robbery, use of a firearm during a violent crime, and possession of a firearm by a convicted felon, Thompson was sentenced to 120 months' imprisonment followed by five years of supervised release.[1] In April 2011, while on supervised release, Thompson was arrested and charged under Pennsylvania law in connection with three thefts from vehicles. Following Thompson's arrest, the Probation Office filed a petition alleging that Thompson had violated the terms of his supervised release by committing the thefts and by failing to report his arrest to his probation officer. Thompson then appeared before the District Court, which granted his motion for a continuance, denied the government's request for detention, and ordered Thompson placed on home confinement with electronic monitoring.

A few weeks later, the Probation Office filed an amended petition in which it alleged that a new arrest warrant had been issued that day charging Thompson with rape, and that Thompson had removed his electronic monitoring transmitter from his ankle and had left his home without permission. Following his arrest on the amended petition,

---

[1] Thompson was later resentenced to 96 months' imprisonment followed by five years of supervised release.

Thompson appeared before the District Court and admitted the thefts and reporting violations. The District Court revoked Thompson's supervised release and sentenced him to 60 months' imprisonment, with no supervised release to follow.[2]

Thompson's timely appeal to this Court followed.

## II.

The District Court had jurisdiction under 18 U.S.C. § 3583(e) to determine whether to revoke Thompson's supervised release. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742.

We review a sentence imposed upon a revocation of supervised release "for reasonableness with regard to the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Bungar*, 478 F.3d 540, 542 (3d Cir. 2007). "We review a district court's legal conclusions regarding the [Sentencing] Guidelines *de novo*, its application of the Guidelines to the facts for abuse of discretion, and its factual findings for clear error." *United States v. Blackmon*, 557 F.3d 113, 118 (3d Cir. 2009).

## III.

Thompson argues that the District Court's sentence was procedurally unreasonable. We disagree.

In order for its sentence to be procedurally reasonable, a district court must give "meaningful consideration" to the factors enumerated in 18 U.S.C. § 3553(a). *United*

---

[2] After sentencing Thompson, the District Court granted the government's request to dismiss the violation based on the rape charge.

*States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 2006), *abrogated on other grounds by Kimbrough v. United States,* 552 U.S. 85 (2007). "The court need not, however, discuss a defendant's clearly nonmeritorious arguments, or otherwise 'discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing.'" *Bungar*, 478 F.3d at 543 (quoting *Cooper*, 437 F.3d at 329).

Thompson argues that the District Court failed to give "any consideration" to the § 3553(a) factors. We have examined the record, however, and find that the District Court addressed the applicable factors in determining Thompson's sentence. The transcript of Thompson's supervised release hearing shows that when it announced its sentence, the District Court considered, among other factors, the nature and circumstances of Thompson's violations, his history and characteristics, and the need for the sentence imposed to reflect the seriousness of the offense and to protect the public from further crimes. We therefore conclude that the District Court's sentence was not procedurally unreasonable.

IV.

For the reasons set forth above, we will affirm the judgment of the District Court.